UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. 08 APR 17 AM 11:19 |
| Plaintiff, ) | **'08 MJ 1187** |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) |
| **Eduardo GUERRERO** ) | |
| **Michael Alexander-ROMERO,** ) | Transportation of Illegal |
| ) | Aliens |
| Defendant(s) ) | |

The undersigned complainant, being duly sworn, states:

On or about **April 15, 2008**, within the Southern District of California, defendant **Eduardo GUERRERO and Michael Alexander ROMERO** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Mario DURAN-Martinez, Ricardo MENDOZA-Garcia, and Ramon GOMEZ-Perez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 17th DAY OF **APRIL, 2008.**

Barbara L. Major
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Eduardo GUERRERO
Michael Alexander ROMERO

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Mario DURAN-Martinez, Ricardo Mendoza-Garcia, and Ramon GOMEZ-Perez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 15, 2008, San Diego Sector North County plainclothes Agents were performing anti-smuggling duties in the Oceanside, California area. During surveillance Agent T. Shigg encountered a green Mercury Mountaineer traveling northbound on I-5 near Las Pulgas road. The Mountaineer appeared to be heavily loaded even though only two passengers were visible. Agent Shigg believed that this vehicle was being utilized to smuggle illegal aliens. Agent Shigg began to follow the Mountaineer northbound I-5. Agent Shigg advised the plainclothes agents of his location and observations.

As Agent Shigg drove next to the Mountaineer near the San Clemente Border Patrol Checkpoint he observed two rear passengers were ducked down. This is usually done by illegal aliens to avoid detection from the Border Patrol. Agent Shigg contacted dispatch via service radio that he was going to attempt to perform a vehicle stop of the Mountaineer. Agent Shigg activated his lights and siren. The Mountaineer pulled over.

Agent Shigg approached the vehicle and identified himself as a Border Patrol Agent and questioned the driver as to his citizenship. The driver, later identified as defendant **Eduardo, GUERRERO** stated he was a citizen of the United States. Agent Shigg questioned the front seat passenger as to his citizenship. The front seat passenger later identified as defendant **Michael Alexander ROMERO,** stated he was a citizen of the United States. As Agent Shigg was questioning the defendants he noticed several individuals in the back seat trying to conceal themselves, not wearing their seatbelts. Agent Shigg also noticed what appeared to be two juveniles laying down in the rear cargo area without seatbelts. Agent Shigg questioned the remaining six occupants as to their citizenship. All six subjects stated they were citizens of Mexico. Agent Shigg asked them if they had any immigration documents allowing them to be in the United States legally and they all stated they did not. At approximately 12:30 pm., all eight subjects were placed under arrest and taken to the Murrieta Station for processing.

## DEFENDANT STATEMENT: Eduardo Guerrero

Defendant Eduardo GUERRERO, was advised of his Miranda rights. He stated he understood them and was willing to answer questions without a lawyer present.

GUERRERO stated that he is a citizen and of the United States. GUERRERO stated that he was on his way to pick his cousin up in Los Angeles when he got off of the highway in Encinitas to get something to drink at a 7-11 store. When he exited the 7-1, one of the guys (smuggled aliens), asked him, in the Spanish language, if he could give them a ride to Los Angeles. The defendant said that he wasn't sure because he didn't know who they were and because of the way they looked and he didn't want problems. He eventually accepted $50.00 for gas money to give them a ride to Los Angeles. The defendant then told them (six total) to get in the car.

GUERRERO stated that he knew that all individuals that got into the car didn't have documents and that they were illegally present in the United States and that they were citizens of Mexico.

CONTINUATION OF COMPLAINT:
Eduardo GUERRERO
Michael Alexander ROMERO

### DEFENDANT STATEMENT: Michael Alexander ROMERO

Defendant, Michael Alexander ROMERO, was advised of his Miranda rights. He stated he understood his rights and was willing to answer questions without a lawyer present. ROMERO stated that he is a citizen of the United States.

The defendant stated that he has known Eduardo GUERRERO since he was little. The defendant stated that he knew he was being held for smuggling. The defendant states that he and GUERRERO had picked the people up at the 7-11 in Encinitas. The defendant stated that they were on their way to Los Angeles. They stopped at a 7-11 store where GUERRERO was approached by one of the people and was asked for a ride to Los Angeles for $50.00. One of them gave GUERRERO the money and then they got into the car. He stated that they needed the gas money.

The defendant stated that he has been in trouble before for tickets and burglary and that he is on informal probation and that one of the conditions of his probation is not to have negative contact with police. After being presented with his prior immigration arrest, the defendant also admitted his association as a co-principle to a prior smuggling attempt at the San Ysidro Port of Entry. The defendant acknowledged that this is his second arrest for having illegal aliens in a car he was in. When asked about what he thought about having illegal aliens in the car, the defendant stated that he thought GUERRERO shouldn't be taking the people because of the Border Patrol being in the area.

ROMERO also stated that in his mind he knew they didn't have documents and that he was just doing them a favor.

### MATERIAL WITNESSES STATEMENTS:

Material witnesses **Mario Duran MARTINEZ, Ricardo MENDOZA-Garcia, and Ramon GOMEZ-Perez** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witnesses stated that they were to pay $2,000.00 (US) to be smuggled into the United States. Material witness **Ricardo MENDOZA-Garcia** stated that a friend was to pay his fee upon his arrival in Los Angeles, California. Material witnesses **Mario DURAN-Martinez, Ricardo MENDOZA-Garcia and Ramon GOMEZ-Perez**, were shown a photographic line up and were able to identify **Eduardo GUERRERO** as the person who was driving the vehicle and **Michael Alexander ROMERO** as the front seat passenger.